IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 23 CR 1483 MLG |
| | § | |
| **JOSEPHINE BEKAY, et al.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

## UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL, ENTRY OF A SCHEDULING ORDER AND DESIGNATION OF THE CASE AS COMPLEX

JOSEPHINE BEKAY, Defendant, by and through her undersigned appointed counsel and joined by the remaining Defendants through their respective counsel, moves this Court for a continuance of the present trial setting, entry of a scheduling order and for the designation of this case as complex; and in support of the motion would respectfully show the Court as follows:

1.  Ms. Bekay is charged by grand jury indictment with kidnapping and conspiracy to commit kidnapping [Doc. 2]. The alleged offenses occurred in 2021. Ms. Bekay was arraigned on the charges on October 26, 2023. She was released on her own recognizance [Doc. 25] and is currently living at her home in

Utah and complying with the conditions of her release.  Nelson Alex Bekay  was also released on conditions [Doc. 24].  Seraphine Warren-Begay was released on conditions following Rule 5 proceedings in the District of Utah [Doc. 40] and is set for initial presentment and arraignment in this District on November 15, 2023 [Doc. 37].

2. The other Defendants are also charged in both the kidnapping and conspiracy counts.

3. Trial for Josephine Bekay and Nelson Alex Bekay is set for December 11, 2023 [Doc. 30].  Trial for the other two defendants has not yet been set.

4. The undersigned counsel is set for trial in *United States v. Robert Padilla*, 22 CR 634 JB in Las Cruces on December 4, 2023.  That trial is expected to last two to three weeks.

5. The Government has very recently disclosed discovery to the undersigned counsel in electronic form.  Counsel is in the process of downloading the disclosed materials so that they can be reviewed.  It appears that the initial discovery disclosure consists of more than 91 megabytes of material in a variety of formats.

6.      This case is alleged to involve events in Arizona and New Mexico, and within the Navajo reservation.  Ms. Bekay lives in Utah.  The investigation of the facts underlying the allegations will necessarily encompass those locations, and possibly others.  This will take more time than contemplated in the Speedy Trial Act, the standard discovery order and the current motions deadline.

7.      Once discovery is made available to all defense counsel, those counsel must have sufficient time to review the discovery and to review the materials with their respective clients.  It is difficult at this early stage to make an informed estimate of the time that will be needed to complete those tasks; however, it is fair to assume that at least 90 days will be required.  Additionally, counsel for Ms. Bekay and the other Defendants will need a considerable period of time to advise their respective clients, conduct fact investigations, conduct plea negotiations, file pretrial motions, and/or prepare for trial.  Ms. Bekay respectfully submits that defense counsel will likely require more time than the time permitted pursuant to a Standard Order to undertake their review of discovery and prepare motions.

8.      Ms. Bekay, joined by the other Defendants, requests that the Court issue an order pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), excluding for purposes of

computing the time within trial must commence the time between the date of filing of this motion and the entry of a scheduling order, on the basis that this case is sufficiently complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits otherwise established by the Speedy Trial Act.  The Government concurs with this request.  For these reasons, Ms. Bekay also requests that the Court vacate the current trial setting of December 11, 2023.

9. At arraignment, the Court set a pretrial motions deadline of November 15, 2023 for Ms. Bekay.  Ms. Bekay submits that the volume of discovery and complexity of the case makes that deadline unrealistic, and asks the Court to vacate that deadline.  In order to facilitate the orderly management of the case, Ms. Bekay asks the Court to enter a scheduling order setting deadlines for the various facets of the case leading up to a trial setting consistent with the needs of the complex case.   The undersigned counsel will coordinate with counsel for the Government and the other Defendants to draft a proposed scheduling order for the Court's consideration.  A status conference may also be appropriate to facilitate that process.

10. All of these things are requested in order to preserve the Defendants' rights to due process, a fair trial and effective assistance of counsel.

11. The right to the effective assistance of counsel includes adequate time to investigate the case, assess the possible need for pretrial motions practice and to prepare for trial. Without that adequate time to prepare for trial, Ms. Bekay and the other Defendants will be denied their rights to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

12. Effective assistance of counsel also requires the evaluation and discussion of plea possibilities. Missouri *v. Frye*, 566 U.S. 134 (2012). At this

stage of the case, the prospects of settlement are unknown; however, the possibility of a settlement always exists and cannot be discounted in this matter.

13.     Given the (at least theoretical) possibility of a negotiated settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See Connolly v. United States*, 2013 WL 530869 (D. N.J. Feb. 11, 2013 (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*); *United States v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford*, 394 F.App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

14.     Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the ends of justice will be served by granting this

extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendant but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will provide the parties with time to navigate trial schedules and devote proper time to the preparation for trial of this case.  Counsel for the Defendants seek to ensure that the Defendants' constitutional rights are not jeopardized by compressing the timeline for preparing this complex case for trial and otherwise impairing counsels' ability to properly prepare for trial.  Undersigned counsel also requires time to review the discovery in this case, conduct necessary investigation, prepare any pretrial motions, and otherwise prepare for trial.   This motion is not predicated upon the congestion of the Court's docket.

15.     Pursuant to 18 U.S.C. § 3161(h)(7)(A), the period of delay resulting from this continuance serves the ends of justice and this continuance outweighs the best interest of the public and the defendant in a resolution of this matter.

16.     The undersigned counsel has conferred with counsel for the Government and for the other Defendants regarding this motion.  The

Government does not oppose the relief requested in this motion. Counsel for the other Defendants have also expressed their concurrence with the relief requested herein.

WHEREFORE, JOSEPHINE BEKAY, Defendant, joined by the other Defendants through their respective counsel, respectfully move this Court for an order continuing the trial from its current setting of December 11, 2023; designating this case as complex pursuant to to 18 U.S.C. § 3161(h)(8)(B)(ii); vacating the current motions deadline of November 15, 2023; entering a scheduling order setting forth due dates for particular pleadings and setting dates for hearings and trial; if deemed appropriate, setting the matter for a status conference for the purpose of addressing scheduling issues; and providing for such other and further relief to which the Court may find the Defendants to be justly entitled.

Respectfully Submitted,

/s/  *Electronically filed on 11/2/23*
MARC H. ROBERT
P.O. Box 25271
Albuquerque, New Mexico 87102
575.571.7435
m505robert@gmail.com

*Counsel for Josephine Bekay*

8