UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   Crim. No. 23-1483 MLG

**SERAPHINE WARREN-BEGAY**, a.k.a. "Seraphine Warren," **ORLANDO BEGAY**, **NELTON ALEX BEKAY**, and **JOSEPHINE BEKAY**,

    Defendants.

### UNITED STATES' RESPONSE TO DEFENDANT SERAPHINE WARREN-BEGAY'S MOTION TO AMEND CONDITIONS OF RELEASE[1]

On November 16, 2023, Defendant Seraphine -Warren Begay ("Defendant") moved this Court to "permit her to have contact and communications with her co-defendants, Josephine Bekay (Ms. Warren-Begay's sister) and Nelton Bekay (Ms. Warren-Begaye's brother-in-law)." Doc. 50 ("Motion"). Specifically, Defendant requests that this Court remove the condition that she "avoid all contact, directly or indirectly, with any person who is or may be an alleged victim, potential witness and/or codefendant in the investigation or prosecution." *Id.*; *see also* Doc. 40 at 2.[2]

According to Defendant, "[t]he defendants are part of a tight knit family, many of whom live in remote rural locations on the Navajo reservation and depend upon one another for help in gathering and delivering wood and other materials. Specifically, Ms. Warren-Begay and Ms. Bekay typically work together to gather wood so that their mother can heat her home, also using Ms. Bekay's truck, which is the more reliable vehicle as between the sisters', to transport the

---

[1] If and when Defendants Josephine and Nelton Bekay join this motion, the United States incorporates this response in full as to those defendants. As things currently fall, Defendant Seraphine Warren-Begay is requesting a modification that will violate Josephine and Nelton's conditions of release.
[2] This condition is authorized under 18 U.S.C. § 3142(c)(B)(v).

wood." Mot. at 2. Defendant continues: "The extended family, including Ms. Warren-Begay's five children and two grandchildren and Ms. Bekay's three children, also typically gathers at the Bekays home for holidays. Without a change in the Court's conditions, the family will be unable to gather for the upcoming Thanksgiving holiday on November 23rd." *Id*.

Defendant's request should be denied for the following reasons.

I. **BACKGROUND**[3]

On October 4, 2023, a grand jury charged Defendant and three others in a two-count indictment with: (1) Kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (2) Conspiracy to Commit Kidnapping in violation of 18 U.S.C. § 1201(c). A warrant issued shortly thereafter. On October 19, 2023, officers at the Salt Lake County Metro Jail in Salt Lake City, Utah arrested Defendant on the outstanding warrant. A detainer was then lodged, and Defendant was held pending an initial appearance in the District of Utah, which that court held October 25, 2023. Defendant then appeared for a detention hearing on October 26, 2023, and was released on conditions.

On November 15, 2023, this Court arraigned Defendant on the Indictment. *See* Doc. 47. In doing so, a United States Magistrate Judge reminded defense counsel that she could not alter the release order pursuant to *United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003).[4]

II. **ARGUMENT**

As an initial matter, the United States moved for and still believes that pretrial detention is appropriate. Nonetheless, after electing to have a detention hearing held in another district, and then being released on pretrial conditions in that district, Defendant now requests in time for the

---

[3] The United States incorporates the factual background from Documents 20 and 22.
[4] The law is clear that modification of a Magistrate's detention order must be made by the issuing Magistrate or instead by the presiding District Court Judge.

holidays that her conditions be further loosened so that she can communicate with co-conspirators. Although Defendant does not identify the proper vehicle for this request, two pathways exist: (1) § 3145(a)(2), which provides that a person ordered released by a magistrate judge may file, "with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release," and that such a motion "shall be determined promptly," and (2) § 3142(c)(3), which states that "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). The standard of review under either pathway is *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).[5]

Getting straight to the point of the United States' opposition to this request, it is a flagrant disregard for the judicial process: Defendant and three others are charged with kidnapping, aiding and abetting, and conspiracy to commit kidnapping. As the United States stated in its motion for arraignment, the defendants will be tried together:

> Federal Rule of Criminal Procedure 8(b) permits an indictment to charge multiple defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Specifically, Rule 8 "embodies a 'preference in the federal system for joint trials of defendants who are indicted together.'" *United States v. Clark*, 717 F.3d 790, 817 (10th Cir. 2013) (quoting *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009)). And in conspiracy cases, courts "indulge a presumption that co-conspirators . . . should be tried together." *Id.* Indeed, joint trials are preferred because "[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Hall*, 473 F.3d 1295, 1301 (10th Cir. 2007) (alteration in original) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).

Doc. 34.

---

[5] Under § 3142(c)(3), when the judicial officer that issued the order is not addressing the modification or amendment, a "court having original jurisdiction over the offense," *i.e.*, a district court judge, may step in and conduct the requested review. 18 U.S.C. § 3145; *Cisneros*, 328 F.3d at 616. Accordingly, under either pathway, this Court is conducting *de novo* review of the release order.

Yet Defendant requests permission from this Court to interact with and speak to her co-defendants/co-conspirators. But instead of tying the request as necessary to the defense or supporting it with some colorable claim of how any amendment to her conditions will not jeopardize safety, flight, the integrity of the judicial process, *i.e.,*, the § 3142(g) factors, Defendant simply claims that the holidays and transporting wood with her sister, Defendant Josephine Bekay, warrant modification to her conditions of release. The law requires more.[6]

And at the risk of stating the obvious, most if not all federal defendants would presumably like to enjoy the holidays with their family. There is nothing special or unique about this request that warrants modification. That is, there is nothing in the request that overrides the important control that co-defendants not be allowed to communicate with each other. For example, with respect to transporting wood, Defendant stated that her sister, Defendant Josephine Bekay, has a working truck that will be used, so why does Defendant need to assist. Defendant Nelton Bekay, Josephine's husband, can help. Neighbors can help. But allowing a co-defendant/co-conspirator to assist is an abuse of the judicial process.[7]

### III.   CONCLUSION

Defendant has already received a freedom that most if not all defendants that have been charged with kidnapping will never enjoy: pretrial release. Further loosening Defendant's

---

[6] The United States did find some examples of this type of modification request, none of which revolve around the holidays or a tight knit family. *See United States v. Calvin*, No. 2:21-CR-223-RFB-DJA, 2021 WL 3847807, at *1 (D. Nev. Aug. 27, 2021) (modifying condition, which allegedly impeded communication between codefendants regarding care of minor children, to the following: "The defendant shall avoid all contact directly or indirectly with codefendant about the case, *unless it is in the presence of counsel*."); *United States v. Lopez*, 2019 WL 3400629, at *2 (D. Nev. July 26, 2019) ("These four defendants may communicate with each other only if they are sharing a common residence during trial as that is the only reason for the modification. If other living arrangements are made, this modification will be stayed until and unless the Pretrial Office can verify the existence of the common residence and its suitability. The modification is effective immediately but made only for the duration of trial. As such, the modification shall expire five (5) days after the end of trial."); *United States v. Levin*, No. CR 16-40031-TSH, 2016 WL 10607165, at *4 (D. Mass. Oct. 26, 2016) (adopting PFRD with granted in part and denied in part motion for modification) (allowing codefendant to communicate only through counsel for purposes of preparing a defense).

[7] The United States notes that Josephine and Nelton are allowed to communicate with each other. However, spousal communication, especially between cohabitants, is very different than what Defendant requests here.

conditions of release for reasons unrelated to the defense is an abuse of the judicial process, especially given that this is a conspiracy matter.  For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's motion to modify her conditions of pretrial release.

                                                                         Respectfully Submitted,

                                                                         ALEXANDER M.M. UBALLEZ
                                                                         United States Attorney

                                                                         s/ *Electronically filed November 21, 2023*
                                                                         MATTHEW J. MCGINLEY
                                                                         Assistant United States Attorney

I HEREBY CERTIFY that on November 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
MATTHEW J. McGINLEY
Assistant United States Attorney