IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                  Case No. 1:23-cr-01483-MLG

SERAPHINE WARREN-BEGAY,
ORLANDO BEGAY,
NELTON ALEX BEKAY, and
JOSEPHINE BEKAY,

    Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS'
JOINT NOTICE OF *BRADY* REQUEST AND MOTION TO COMPEL DISCOVERY**

    Defendants are charged with conspiracy and kidnapping of John Doe, contrary to 18 U.S.C. §§ 1201(a)(1), (a)(2), and (c). *See generally* Doc. 2. The Government alleges that Defendants violently abducted Doe because they believed he stole a truck from them. Doc. 85 at 1-4. Approximately one year prior to the alleged kidnapping, the Government indicted Doe and his brother for an unrelated carjacking resulting in serious bodily harm. *Id.* at 6; *see* Doc. 85-1. The Government ultimately dismissed Doe's charges. Doc. 85-4. Defendants sought to discover the Government's casefile in Doe's carjacking case, including the general discovery, immunity and cooperation agreements, the pretrial services report, and other criminal history. Doc. 84 at 3-4. The Government refused to produce that information. Doc. 84-1. Defendants then filed their Joint Notice of *Brady* Request and Motion to Compel Discovery ("Motion"), and ask the Court to compel the Government to produce Doe's casefile. Doc. 84 at 1.

    Having considered the parties' briefing, relevant law, and evidence presented, the Court denies Defendants' Motion.

1

**LEGAL STANDARD**

Rule 16 of the Federal Rules of Criminal Procedure requires the Government to permit the defense, upon request, to examine items in the Government's possession that are material to preparing a defense. Fed. R. Crim. P. 16(a)(1)(E)(i). "Although [R]ule 16's language is permissive, it does not authorize 'a blanket request to see the prosecution's file,' and a defendant may not use the rule to engage in a 'fishing expedition.'" *United States v. Burton*, 81 F. Supp. 3d 1229, 1244 (D.N.M. 2015) (quoting *United States v. Maranzino*, 860 F.2d 981, 985-86 (10th Cir. 1988)).

"[T]o successfully compel discovery under Rule 16," a criminal defendant must "make a prima facie showing of materiality." *United States v. Cates*, 73 F.4th 795, 814 (10th Cir. 2023) (quoting *United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017)). Evidence is "material" for Rule 16 purposes if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, . . . or assisting impeachment or rebuttal." *Burton*, 81 F. Supp. 3d at 1244 (quoting *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996)). "Although the materiality standard is not a heavy burden, the Government need disclose [R]ule 16 material only if it enables the defendant significantly to alter the quantum of proof in his favor." *Id.* (quotation omitted).

**DISCUSSION**

Defendants contend that the Government is required to produce Doe's criminal casefile pursuant its constitutional obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Doc. 84 at 1. They posit that the Government dismissed Doe's carjacking case in exchange for his grand jury testimony against the Defendants and that his casefile will substantiate that theory. *Id.* at 14-15. This evidence is material, in Defendants' view, because it can be used to impeach Doe under Federal Rule of Evidence 404. *Id.* at 11-14.

Defendants further argue that their Sixth Amendment confrontation rights are burdened by the Government's refusal to disclose Doe's carjacking file. *Id.* at 15-16.

The Government denies offering Doe immunity or other favorable treatment in exchange for his cooperation in Defendants' kidnapping prosecution. Doc. 85 at 17. Instead, the Government represents that it dismissed the case because it could no longer meet its burden of proof against Doe. *Id.* at 6-7. The Government further claims that the case relied in large part on inculpatory statements from Doe's brother, which became inadmissible when the brother's trial was severed due to competency issues and assertion of speedy trial rights. *Id.* Since none of the conduct in Doe's carjacking case provides admissible impeachment evidence, the Government sees no need to disclose the casefile pursuant to its typical discovery obligations. *See id.* at 18-23.

**I.      Rule 404**

Rule 404 broadly precludes the admission of character evidence in federal proceedings, subject to certain enumerated exceptions. Relevant here, Rule 404(b)[1] may be used to admit "evidence of a witness' other wrongs, acts, or crimes. . . for defensive purposes if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him." *United States v. Montelongo*, 420 F.3d 1169, 1174 (10th Cir. 2005) (internal quotation omitted). This type of evidence is commonly referred to as "reverse 404(b)" evidence, since it is used to exculpate the defendant rather than prove his guilt. *See id.*; *United States v. Lucas*, 357 F.3d 599, 605 (6th Cir. 2004). "[A]dmissibility of reverse 404(b) evidence depends on a 'straightforward balancing of the evidence's probative value against considerations such as undue waste of time and confusion of

---

[1] Defendants also cite generally to Rule 404(a), which pertains to evidence of character traits. *See* Doc. 84 at 4. However, Defendants offer no argument addressing Rule 404(a)'s specific exemptions in their briefing. Accordingly, the Court cabins its analysis to Defendants' contentions that Doe's casefile contains evidence admissible under Rule 404(b).

3

the issues.'" *Montelongo*, 420 F.3d at 1174 (quoting *United States v. Stevens*, 935 F.2d 1380, 1404-05 (3d. Cir. 1991).

Defendants assert, without explanation, that "there can be no dispute that [Doe's] criminal discovery contains 'reverse 404(b)' evidence." Doc. 84 at 12. These unsubstantiated assertions are insufficient, and Defendants fail to articulate how discovery of Doe's casefile will lead to admissible reverse 404(b) material. *See United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016) ("Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

Moreover, to obtain a conviction, the Government must prove that Defendants conspired to, and then knowingly did, kidnap Doe for some purpose or benefit and then transported him in interstate commerce. *See* 10th Cir. Pattern Crim. Jury Instructions § 2.55 (2021); *see also* 18 U.S.C. § 1201(a). Evidence that Doe may have carried out a violent carjacking in unrelated circumstances does not negate any elements of Defendants' charges, nor would it provide any basis for Defendants to raise a cognizable affirmative defense. Put another way, the Court does not see how Doe's alleged carjacking charge negates allegations that Defendants assaulted Doe with a variety of weapons, handcuffed him, and then drove him across state lines in an attempt to recover a stolen pickup truck. *See* Doc. 85 at 3-4.

The Government's choice to indict Doe and then to dismiss his charges does not, without more, indicate that his casefile will contain admissible reverse 404(b) evidence or lead to its discovery. Accordingly, Defendants have failed to meet their burden to explain how the casefile will serve some useful, relevant purpose in this litigation. *See United States v. Tony*, 948 F.3d

4

1259, 1261 (10th Cir. 2020) ("To invoke [Rule 404(b)(2)], the proponent of the evidence bears a threshold obligation to tell the court that the purpose is.").[2]

Because Defendants have not made a threshold showing that Doe's casefile contains exculpatory evidence or will lead to its discovery, they have not satisfied Rule 16's materiality requirement. There is no indication that Doe's casefile will produce reverse 404(b) evidence likely to shift the quantum of proof in Defendants' favor. *Burton*, 81 F. Supp. 3d at 1244. Accordingly, the Government has not violated its obligations under *Brady* and *Giglio*, and the Court will not compel the Government to produce Doe's carjacking casefile on this basis.

## II.   Confrontation Clause

The Sixth Amendment's Confrontation Clause secures a defendant's right to confront and cross-examine the witnesses against him. *Davis v. Alaska*, 415 U.S. 308, 315 (1974). However, the Confrontation Clause requires some rational connection between the cross examination and the issue presented. As the Tenth Circuit explained, the Confrontation Clause provides "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *United States v. Holloway*, 826 F.3d 1237, 1249 (10th Cir. 2016) (emphasis in original) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)).

---

[2] The Court notes that both the Government and Defendants cite to *United States v. Tony*, No. 16-CR-02904, 2022 WL 594882 (D.N.M. Feb. 28, 2022), which was issued after the Tenth Circuit reversed and remanded the case on a reverse 404(b) issue. *See generally*, *Tony*, 948 F.3d at 1261-63. The district court's decision is illuminating by way of distinction: the court found evidence that a murder victim carried a knife was proper reverse 404(b) material because it bore directly on the defendant's self-defense claim. *Tony*, 2022 WL 594882 at *2. Here, in contrast, Doe's alleged carjacking does not bear on any essential element of Defendants' criminal charges or defenses they may raise.

Defendants argue that Doe's casefile, including criminal discovery and his pretrial services report, are necessary for constitutionally effective cross-examination of Doe as to his potential biases and motives in testifying for the Government. Doc. 84 at 14. Again, the Government affirms that it never offered Doe leniency for his carjacking charges in exchange for his cooperation and testimony in this case.[3] Doc. 85 at 16-17. That representation is supported in court filings addressing Doe's carjacking charge wherein the Government conceded that it was unable to meet its burden of proof. *See* Doc. 85-4; Doc. 85-5. The Government also disclosed Doe's grand jury transcript where he testified under oath that the Government did not promise him any leniency in exchange for his testimony against Defendants. Doc. 85 at 17.

Defendants will have ample opportunity to cross-examine Doe at trial. They have sufficient information to question him regarding his biases and motives, as is their right. However, they have not explained with any specificity how full disclosure of Doe's casefile will effectuate his cross-examination within constitutional and evidentiary boundaries. *See Lucas*, 841 F.3d at 804. Consequently, the Court will not compel its production on constitutional grounds.

## CONCLUSION

For the reasons stated above, Defendant's Motion, Doc. 84, is denied.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[3] The duty to determine what disclosure is required under *Brady* rests with the prosecution. *Banks v. Reynolds*, 54 F.3d 1508, 1517 (10th Cir. 1995). Defendants show no cause for the Court to question the Government's representations as to its current disclosures, and therefore, the Court will not do so. *See Banks v. Dretke*, 540 U.S. 668, 696 (2004) ("Ordinarily, we presume that public officials have properly discharged their official duties." (quoting *Bracy v. Gramley*, 520 U.S. 899, 909 (1997)).